## Posey's Estate

128

*Elmer L. Menges,* for exceptant.
*Mabel B. Ditter,* contra.

HOLLAND, P. J., March 1, 1944.—On January 31, 1944, I. K. B. Hansell, the executor, filed three exceptions.

The first exception is to the auditing judge awarding the furniture and miscellaneous household items, tools, and silverware, as listed on pages 1, 2, and 3 of the account, carried at $904.85, to Jeannette S. Posey. At the argument upon these exceptions, the only argument advanced in support of this exception was the same as the argument advanced at the audit, that the codicil giving this property to Jeannette S. Posey had been obtained under undue influence practiced upon the testator, and at a time when he did not have testamentary capacity. As the auditing judge stated, this question is not before the court and cannot be before the court except upon an appeal from the probate of the codicil. In connection with this argument, exceptant argued that if this question is not before the court then the court should direct the trustee ad litem and guardian ad litem to institute an appeal from the probate of the will in order, under the proper procedure, to try the two issues as to the testamentary capacity of the testator and whether he was under undue influence and duress at the time that he executed this codicil in question.

Inasmuch as Mr. Emery, the guardian and trustee ad litem, has not filed any exceptions to the adjudication, it is proper to assume that he deemed the adjudication to the best interests of the minor for whom he is guardian ad litem, Barbara Harriet Posey, who is the

daughter of Jeannette S. Posey, and also to the best interests of the undetermined persons and classes of persons whom he represents as trustee ad litem. Having confidence in the guardian and trustee ad litem, the court would be justified in assuming that his best judgment in not opposing the action taken by the auditing judge is to the best interest of the minor and the undetermined persons and classes of persons interested. However, as the court is urged to override the judgment of the guardian and trustee ad litem and direct him to commence an appeal from the probate of the codicil, it is appropriate that the court, before taking such action, inquire into (1) the chances of his success in such an appeal, and (2) whether, if successful in the appeal, the result would be to the best interest of the minor in being and the undetermined persons and classes of persons interested in the remainder of the trust at the conclusion of the life interest of Eli Edmunds Posey, testator's son.

As to the first question, the reported investigation of the guardian and trustee ad litem is revealing. The two subscribing witnesses to the will, who are entirely disinterested in the matter, clearly indicated to him that at the time the codicil was executed testator understood it thoroughly, had it read to him, and stated that it was entirely in accordance with his wishes. Against this we have the opinion of the attending physician, Dr. Lukens, who was not present at the time of the execution of the instrument, but who stated his opinion as to the unlikelihood of the testator having the ability to execute a testamentary paper. Even at a hearing this would be about the only testimony available as to the actual execution of the codicil. The first codicil, which the exceptant seeks to sustain, was executed November 13, 1942, only a week earlier than the second codicil which he attacks, which latter was executed November 20, 1942, and he died one week later, November 27, 1942. The proximity of these dates makes it a close case as to whether a testator who had

testatmentary capacity November 13th could suddenly lose it within a week and be totally unable to execute a testamentary paper November 20th. This is all aside from the fact that the subscribing witnesses, who are entirely disinterested, unequivocally state that the paper was read to him and he signed it, fully understanding it, and that he voluntarily stated that it was in accordance with his wishes. The chances of success in such an appeal, in the opinion of this court, which has had wide experience with appeals from the probate of wills, would be extremely remote.

As to the second question, we are entirely in accord with the guardian and trustee ad litem that it would be to the best interests of the minor, Barbara Harriet Posey, for the adjudication to stand as it now is. The only property available for distribution has been awarded to her mother, Jeannette S. Posey, under the terms of the second codicil. She is a small child, in the custody of her mother, and it is reasonable for the court to assume that her mother will perform the usual parental duties by way of maintenance and welfare in her behalf. She will, therefore, receive some indirect benefit from this award to her mother. The only other alternative, if the position of the exceptant was sustained, would be that this property, after the payment of the deficit referred to in the adjudication, would go to the trustees as the principal of the residuary trust. As pointed out by the auditing judge, this would not be more than approximately $700, or at the most approximately $1,000, which would represent the corpus of the trust, the income of which would be payable during his life to testator's son, Eli Edmunds Posey. This would not amount to more at the outside, under present investment returns, than $30 per annum. In fact, it would amount to less after deduction of the ordinary expenses of administration and other costs, such as taxes. As suggested by the auditing judge, such a sum is too insignificant to set up as a trust and, the court may as well frankly state here, if this

second alternative was brought about, whereby the second codicil was not sustained so that this small sum would be directed toward the residuary trust, the court would hesitate to make the award to the trustees to set up such a small trust that would be a benefit to nobody.

Obviously, the testator, at the time of the execution of his will, believed his resources such that at the time of his death there would be a substantial sum with which to erect the residuary trust for his son for life with remainder at his death to his son's issue per stirpes. Through intervening circumstances testator's resources were so reduced that, even if the action was taken as urged by this exceptant, the residuary trust would be so insignificant as to cause the testator's original intention and purpose to be defeated. The situation would be exactly the same as in Auchu's Estate, 38 D. & C. 33, where the court was requested to strike down a trust which was slightly over $1,000 because, obviously, the purpose of the testator in erecting a trust had failed, owing to circumstances not known to the testator and not anticipated by him at the time he executed his will. In that case, the amount available for the erection of the trust was $1,041.70, the income to be paid to the testator's daughter. The court pointed out that at the time of the execution of the will the testator believed himself to be of sufficient worth that this trust would be a substantial one, the income of which would be adequate for the support of his daughter. It having become so insignificant, the court held that it would be of no benefit to the daughter whatever, who was the primary consideration of the testator, and that therefore the intent of the testator would be frustrated and defeated, and, consequently, awarded the entire corpus to the daughter outright. In doing so the court cited A. L. I. Restatement of Trusts, §336, p. 1019, laying down the following principle:

"If owing to circumstances not known to the settlor and not anticipated by him the continuance of the trust would defeat or substantially impair the accomplishment of the purposes of the trust, the court will direct or permit the termination of the trust."

So here, if the court were put to the alternative, it would terminate the trust and either award the entire principal of less than $1,000 to the life beneficiary, Eli Edmunds Posey, or have the trustee pay it to him in addition to the small amount of income it might accumulate, in periodical payments, until exhausted. See also Miller's Estate, 33 Berks 89, where the same principle was applied.

We decline therefore to direct the guardian and trustee ad litem to institute an appeal from the probate of the second codicil because we are of the opinion that the chances of success are extremely remote and, as the codicil remains up to the present time unchallenged, the auditing judge could only do as he did and award this property to Jeannette S. Posey. Furthermore, as we have indicated above, we are of the opinion that the action of the auditing judge is to the best interest of all persons concerned.

Exception 1 is dismissed.

Exception 2 is to the auditing judge's not having directed the sale of the personal property, and exception 3 is to the auditing judge's not having awarded the surplus, after the payment of creditors, to the trustees of the residuary trust. Our disposition of exception 1 renders consideration of these two latter exceptions unnecessary. Exceptions 2 and 3 are therefore dismissed.

The court could not escape being aware of the zeal with which the executor, this exceptant, has performed his duties, and attempted to sustain what he regarded as the intention of the testator. He is to be commended for it. However, the court is controlled by the realities of the case and adheres to such action as inures to the best interests of the parties involved under the facts

as they have developed and under the appropriate principles of law applicable to those facts. We are of the opinion that the action of the auditing judge and of this court has achieved justice in accordance with the law applicable to the case.

And now, March 1, 1944, the three exceptions having been dismissed, the adjudication is confirmed absolutely.